UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.

**SANDGROUP INTERNATIONAL, LTD.**,
a Foreign corporation,

    Plaintiff,
v.

**GOLF TIME, LLC D/B/A TEAM GOLF,**
a Texas limited liability company,

    Defendant.
_____/

## VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT
## INJUNCTIVE RELIEF SOUGHT

Plaintiff, SANDGROUP INTERNATIONAL, LTD., (hereinafter "Sandgroup"), by and through undersigned counsel, sues GOLF TIME, LLC dba/TEAM GOLF (hereinafter "Team Golf"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is a Complaint against Defendant for injunctive relief based on continued and willful trademark infringement, arising under the Lanham Act, 15 USC § 1051. *et. seq*., and 15 USC §1116, and for trademark infringement and calculated damages pursuant to state and federal law and 15 USC §1117.

2. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 15 USC §1121, and 28 USC §1331, §1332, and 1367.

3. Venue is proper under 28 USC §§ 1391 because each of the Defendant either resides or has a principal place of business in this judicial district, and a substantial portion of the events

1

which serve as the basis for the Complaint occur or have occurred here.

4. The acts of trademark infringement complained of occur in this judicial district.

## THE PARTIES

5. Plaintiff, Sandgroup International Limited, is a Hong Kong limited liability company conducting business in this judicial district.

6. Defendant Golf Time, LLC dba/Team Golf, is a Texas limited liability company corporation, with its principal place of business in Carrolton, Texas, conducting business in this judicial district.

## THE TRADEMARK

7. Plaintiff, Sandgroup is the owner of the trademarks PITCHFIX.COM, US Reg. Nos. 4,111,774, 4,125,152 and PITCHFIX, US Reg. No. 5,150,900 (collectively, "the Marks"), for use on divot repair tools, has sold substantial quantities of divot repair tools under the marks, and are the senior users of the Marks.

8. Sandgroup has dedicated substantial resources to the development, sales, marketing, and manufacture of divot repair tools under the Marks.

9. Since in or around January 2016, Defendant Team Golf has been making, using, selling, and otherwise marketing divot repair tools under the SWITCHFIX trademark.

10. Defendant, Team Golf's use of the SWITCHFIX mark is likely to, and has caused actual confusion with the PITCHFIX marks on identical goods.

11. Defendant, Team Golf has used the marks on nearly identical packaging, and as a result,

is intentionally causing confusion with the Marks.

11.     Defendant, Team Golf's use of the SWITCHFIX mark is causing initial interest confusion, whereby, internet users seeking Sandgroup's products are likely to be confused when SWITCHFIX branded products appear in internet search results, resulting in unfair competition and trademark infringement by diverting customers and potential consumers away from PITCHFIX products and toward SWITCHFIX products.

12.     Consumers are confused as to the source of the respective products.

13.     Upon information and belief, Defendant Team Golf has made substantial sales since 2016, and has reaped a profit based on their use of the infringing SWITCHFIX mark.

14.     Since at least as early January 2016, Defendant's use of the SWITCHFIX mark has been with actual knowledge of the existence of the PITCHFIX marks, and said use has been willful and with total disregard of Plaintiff's senior rights in the marks.

15.     Furthermore, Defendant Team Golf filed, and received, US Reg. No. 5,030,832 for the SWITCHFIX mark, which Plaintiff argues was granted in error, and as a result, should be cancelled.

16.     Defendant, Team Golf is liable to Sandgroup for their profits resulting from their sales of golfing related products contained in the description of the goods and services of the trademark registrations owned by Defendant, and otherwise used in commerce.  The SWITCHFIX mark and the goods referenced in the registration continue to be used by Defendant on the very identical goods that are made and sold by Plaintiff Sandgroup.

17.     All conditions precedent to Plaintiff, Sandgroup's claims have been satisfied and/or

waived.

18.     Plaintiff, Sandgroup has engaged the services of the undersigned counsel to represent it in this action and is obligated to pay its attorney a reasonable fee.

## **COUNT I-INJUNCTIVE RELIEF**

19.     Plaintiff, Sandgroup re-alleges and incorporates paragraphs 1 through 18 as if fully set forth herein.

20.     This is an action for injunctive relief based on continued trademark infringement/false designation of origin under 15 USC §§1114, 1116 and 1125, and Defendant is causing a likelihood of confusion, initial interest confusion, unfair competition, and common law trademark infringement.

21.     Defendant, Team Golf, without the consent of Plaintiff, Sandgroup, is using the SWITCHFIX mark in connection with the sale, offer for sale, distribution, and advertisement of divot repair tools, amongst other things.

22.     Defendant's use of the SWITCHFIX mark is causing irreparable harm as Plaintiff is not able to control the goodwill associated with its PITCHFIX trademark, resulting in confusion, and loss of sales.

23.     Plaintiff has no adequate remedy at law.

24.     The harm caused to Plaintiff far outweighs the harm to Defendant as Defendant is not entitled to benefit from trademark infringement under the law, and any harm derived is of its own doing.

25. Plaintiff is likely to succeed on the merits, and the public is entitled to avoid a likelihood of, and, actual confusion.

## COUNT II-INITIAL INTEREST CONFUSION

26. Plaintiff re-alleges and incorporates paragraphs 1 through 25 as if fully set forth herein.

27. This is an action for initial interest confusion which creates confusion as to the source of origin under 15 USC §§1114 and 1125, and Defendant is causing a likelihood of confusion, and common law trademark infringement.

28. Defendant, without the consent of Plaintiff, is using the SWITCHFIX trademark in a manner that confuses not only Plaintiff's customers, but the consuming public at large, by diverting sales, and by diverting potential sales for divot repair tools, when internet users are deceived as to the source of the goods under the SWITCHFIX trademark when conducting internet searches seeking Plaintiff's goods.

29. Defendant has sold divot repair tools under the SWITCHFIX mark and continues to do so with willful disregard for the rights of Plaintiff, and have done so with the intent to initially deceive consumers and the public at large, both pre, and post sale.

30. Plaintiff has no adequate remedy at law.

## COUNT III-FEDERAL UNFAIR COMPETITION

31. Plaintiff re-alleges and incorporates paragraphs 1-30 as though set forth in full herein.

32.  Pursuant to 15 USC §1125(a), Defendant's acts constitute unfair competition and false designation of origin.

33. Under Section 43(a) of the Lanham Act, Defendant's use of the SWITCHFIX trademark

5

in the sale or offering for sale, divot repair tools, constitutes unfair competition and false designation of origin by causing a likelihood of confusion as to the source and sponsorship of Defendant's goods.

34.     Defendant's use of the SWITCHFIX trademark in connection with the sale, offering for sale, distribution, and advertisement of divot repair tools is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, as to the origin, sponsorship or approval of their goods by Plaintiff.

35.     Defendant's use of the SWITCHFIX trademark is causing and will continue to cause damage to Plaintiff, including, but without limitation, irreparable harm for which there is no adequate remedy at law.

## COUNT IV-TRADEMARK INFRINGEMENT/FALSE DESIGNATION OF ORIGIN UNDER 15 USC §1125(a)

36.     Plaintiffs re-allege and incorporate paragraphs 1-35 as though set forth in full herein.

37.     This is an action for trademark infringement/false designation of origin under Section 43(a) of the Lanham Act, 15 USC §1114, §1115, §1117, and §1125(a).

38.     Defendant, without the consent of Plaintiff, is using the SWITCHFIX trademark in connection with the sale, offering for sale, distribution, and advertisement of divot repair tools and related products, which is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff's PITCHFIX trademarks, or as to the origin, sponsorship, or approval of their goods by Plaintiff.

39.     Further, Defendant has falsely misrepresented the nature, characteristics, qualities, and geographic origin of its goods and services and commercial activities, as reflected in Defendant's product packaging, website, advertising materials, brochures, signage and distribution materials.

40. Defendant's use of the infringing SWITCHFIX trademark, as described herein, is causing and will continue to cause damage to Plaintiff, including, but is not limited to, irreparable harm for which there is no adequate remedy at law.

### COUNT V-COMMON LAW TRADEMARK INFRINGEMENT

41. Plaintiff re-alleges and incorporates paragraphs 1 through 40 as though fully set forth in full herein.

42. Defendant's conduct described herein constitutes common law trademark infringement under 15 USC §1125(a) unfair competition under Florida law and Fla.Stat. §495.151.

43. Defendant's conduct is willful and intentional, and has caused and is continuing to cause irreparable injury for which there is no adequate remedy at law.

### COUNT VI-TRADE DRESS INFRINGEMENT

44. Plaintiff re-alleges and incorporates paragraphs 1 through 43 as though fully set forth in full herein.

45. Plaintiff has packaged certain of its PITCHFIX branded divot repair tools in a manner that the consuming public identifies exclusively with Plaintiff. Defendant has used the nearly identical packaging, with the SWITCHFIX logo located in the identical location on the packaging, with the same shape, look, and feel as the product packaged and offered by Plaintiff under the PITCHFIX branding.

46. The consuming public is confused as to the source of the identical packaging used by Defendant, resulting in a likelihood of confusion, for which Defendant is liable to Plaintiff.

47. Plaintiff has priority over the use of the packaging, to the extent that the packaging is solely identified with the goods of Plaintiff under the PITCHFIX mark.

48. Plaintiff has been damaged by Defendant's use of the identical packaging, as it no longer has the exclusive benefit of the impact its packaging has on the consuming public in identifying its goods.

### COUNT VII-DECEPTIVE AND UNFAIR TRADE PRACTICES UNDER FLA. STAT. §501.201

49. Plaintiff re-alleges and incorporates paragraphs 1-48 as though set forth in full herein.

50. This is an action under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 et seq.

51. Defendant's actions described herein are calculated to deceive and actually do deceive the public into mistakenly believing that Defendant is affiliated, connected or associated with Plaintiff's goods and services or that Defendant's goods and services originated with or are sponsored by or approved by Plaintiff.

52. As such, Defendant has intentionally engaged and continues to engage in unfair methods of competition, unconscionable acts or practices, and unfair, deceptive acts or practices in the conduct of trade or commerce in violation of Fla. Stat. §501.204, and are so egregious that Plaintiffs should be entitled to its fees and costs under Fla. Stat. § 201.2105.

### COUNT VIII-CANCELLATION OF US REG. NO. 5,030,832

53. Plaintiff re-alleges and incorporates paragraphs 1-48 as though set forth in full herein.

54. Plaintiff is the senior user of the PITCHFIX trademarks.

55. Plaintiff has used the PITCHFIX trademarks since at least as early as 2011, which pre-dates Defendant's use of the SWITCHFIX mark by at least 5 years.

56. Plaintiff has been damaged by Defendant's registration of the SWITCHFIX mark, as the use is likely to be confused by Plaintiff's use of its PITCHFIX marks.

57. Registration gives Defendant no rights, implied or otherwise, to use the SWITCHFIX mark when such use is likely to be confused with another registered or unregistered mark.

58. As a result, Plaintiff has suffered damages, resulting in the right to the cancellation of the SWITCHFIX mark, which is identified as US Reg. No. 5,030,832.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Sandgroup International, Ltd. prays that the Court award the following relief:

A. Temporary and/or permanent injunctive relief by enjoining Defendant, its officers, employees, and agents, and all persons or entities in active concert with it, from using, displaying, advertising, or selling their goods under, or from otherwise doing business under the SWITCHFIX trademark and any other confusingly similar alternative or variation thereof;

B. Order Defendant to terminate and cancel all domain names that contain the SWITCHFIX marks;

C. Order the forfeiture, and/or destruction of any clothing, printed materials, store signage, advertisements, web sites, or any other items or materials containing any variation of the SWITCHFIX;